**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TORREY PINES LOGIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>NICK VITALBO, an individual, nVISION TECHNOLOGY, INC., an Ohio corporation, and DOES 1 through 10, inclusive,<br><br>    Defendant. | CASE NO. 12-cv-2013-MMA-RBB<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED DISCOVERY**<br><br>[Doc. No. 3] |

On July 20, 2012, Plaintiff Torrey Pines Logic, Inc. ("TPL") filed a complaint against nVision Technology, Inc. ("nVision") and its President Nick Vitalbo (collectively "Defendants") in the Superior Court for the State of California, San Diego County. Plaintiff also filed a motion for a Temporary Restraining Order ("TRO"), which was set for hearing in the superior court on August 15, 2012. On August 14, 2012, Defendants removed the action to this Court. [Doc. No. 1.] On August 16, 2012, Plaintiff filed the pending *ex parte* motion for a TRO and request for expedited discovery. [Doc. No. 3.] On August 20, 2012, Defendants filed an opposition to the *ex parte* application for a TRO. [Doc. No. 4.] On August 21, 2012, Plaintiff submitted a reply to Defendants' opposition in the form of a supplemental declaration of Leo B. Volfson. [Doc. No. 5.] On August 21, 2012, the Court held a hearing on the *ex parte* application for a TRO.

**TEMPORARY RESTRAINING ORDER**

Having considered the submissions of the parties and the oral arguments of counsel, for the reasons for the reasons stated on the record during the hearing, and in accordance therewith:

The Court finds that Plaintiff has adequately identified protected trade secrets and that injunctive relief is appropriate to protect this confidential information.  Given the allegations against Defendants and the evidence available to the Court at this early stage of the proceedings, the Court finds that TPL has sufficiently demonstrated a likelihood of success on the merits and that it may suffer irreparable injury if Defendants are not enjoined.  The Court also finds the balance of hardships and public policy favor issuing a TRO.

Accordingly, good cause appearing, the Court **GRANTS** Plaintiffs' request for a Temporary Restraining Order.

**IT IS HEREBY ORDERED THAT:**

1. Defendants to this action, including their agents, servants, directors, officers, affiliates, attorneys, representatives, employees, and all persons who are successors in interest to or who are acting in concert with one or more of them, or participating with them, are restrained and enjoined from directly or indirectly misappropriating, using or disclosing TPL's confidential information and trade secrets, including TPL's Velocity Extracted for Scintillation via Optical Measurement ("VENOM"), VENOM Ballistics Solver ("VBS"), Ballistic Laser Rangefinder ("BLRF"), Intermediate-Range Ballistic System ("IRBS") and xWinds projects (collectively the "Projects") and proposals, software codes, technical data, specifications, network architecture, analytical processes, financial data, know-how, customer data, customer lists, and marketing and business development techniques and information relating to the Projects  ("Confidential Information").

2. Defendants shall transfer to TPL all of TPL's Confidential Information (as described above) and related equipment in Defendants' possession to TPL within in five (5) days of service of this Order on Defendants.

/ / /

/ / /

## ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that Defendants shall appear on *October 29 at 2:30 p.m.* in Courtroom 5, to show cause, if any, why a preliminary injunction should not be issued restraining and enjoining Defendants including their agents, servants, directors, officers, affiliates, attorneys, representatives, employees, and all persons who are successors in interest to or who are acting in concert with one or more of them, or participating with them, from directly or indirectly misappropriating, using or disclosing TPL's confidential information and trade secrets, including TPL's Velocity Extracted for Scintillation via Optical Measurement ("VENOM"), VENOM Ballistics Solver ("VBS"), Ballistic Laser Rangefinder ("BLRF"), Intermediate-Range Ballistic System ("IRBS") and xWinds projects (collectively the "Projects") and proposals, software codes, technical data, specifications, network architecture, analytical processes, financial data, know-how, customer data, customer lists, and marketing and business development techniques and information relating to the Projects.

## SERVICE OF PAPERS

Defendants' response to the Court's Order to Show Cause ("OSC") shall be filed and served by *October 1, 2012*. Plaintiff's opposition papers shall be filed and served by *October 15, 2012*. Defendant's reply papers, if any, shall be filed and served by *October 22, 2012*.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Court shall permit limited expedited discovery as mutually agreed upon by the parties. To the extent a discovery dispute arises, or either party seeks a protective order, the parties are instructed to direct such issues to the magistrate judge assigned to the case.

**IT IS SO ORDERED.**

DATED: August 22, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge